(37 Misc. Rep. 39.)

### JENNINGS v. CHUTE.

(Supreme Court, Special Term, New York County. January, 1902.)

PLUMBING PARTNERSHIP—UNLICENSED PARTNER—ACCOUNTING.

    A partner of a firm engaged in the plumbing business, who was duly licensed as an employing plumber under Laws 1896, c. 803, and who did all the firm plumbing work, can sue his partner for an accounting of the plumbing and roofing business, though such other partner was not licensed, and though such chapter forbids a partnership to carry on the business of a master plumber unless every member of the firm shall have been duly registered.

Action by William Jennings against Dean W. Chute. Judgment for plaintiff.

Henry L. Franklin, for plaintiff.

Ivins, Kidder & Melcher, for defendant.

STECKLER, J. I am satisfied that the plaintiff has proved by a fair preponderance of evidence the existence of a partnership between him and defendant. The remaining question to be disposed of is presented by defendant's motion to dismiss the complaint on the ground that the contract between the parties was illegal. The copartnership was formed for the purpose "of conducting a plumbers', steam-fitting, and roofing business" in the city of New York, and by the terms of the oral agreement between the parties the plaintiff was to furnish his experience as a master plumber. Section 1 of chapter 803 of the Laws of 1896 provides that once in each year every employing or master plumber carrying on his trade, business, or calling in the city of New York shall register his name and address at the office of the department of buildings in said city, provided that on applying for registration he holds a certificate of competency from the examining board of plumbers of said city; and that after the passage of the act "it shall not be lawful for any person or copartnership to engage in or carry on the trade, business or calling of employing or master plumber in the city of New York unless the name and address of such person and of each and every member of such copartnership shall have been registered as above provided." And section 2 of said statute further enacts that in said city "it shall be unlawful for any person or persons to expose the sign of 'Plumber' or 'Plumbing,' or a sign containing words of similar import and meaning, unless said person or persons shall have obtained a certificate of competency from the examining board of plumbers of said city, and shall have registered as herein provided." A violation of said provisions "by any person" is punishable by fine or imprisonment, or both. It appears that the plaintiff, during the continuance of the copartnership, complied in all respects with the said statute; that he did all of the plumbing work, and that the defendant at no time during such period held a certificate of competency from the examining board of plumbers, and was not registered at the department of buildings of this city. The act is a penal one, and in derogation of common-law right (Raynard v. Chase, 1 Burrows, 2), and should receive a strict, rather than a

liberal, construction. The contract of partnership is not tainted with illegality, so that the maxim, "In equal fault the condition of the defendant is the better one," is inapplicable. The plaintiff in all respects obeyed the law; the defendant alone failed to comply with its requirements. Moreover, the acts prohibited by the statute are mala prohibita, not mala in se, and the penalties for its violation are directed against the defendant only. See Curtis v. Leavitt, 15 N. Y. 236. There seems no valid reason why the defendant should not account for partnership profits, and plaintiff is entitled to judgment accordingly.

Judgment for plaintiff.